1433 (CA7 1996) (adopting *Hodges* definition). See also *Chukwu v. Board of Directors British Airways,* 889 F. Supp. 12, 13 (Mass. 1995), aff'd mem., 101 F. 3d 106 (CA1 1996) (same).

Given these opposing interpretations, I believe we should hear this case. The legal issue is an important one, well suited for resolution by this Court. The two leading cases, *Charas* and *Hodges,* are both the product of en banc consideration. They have fully explored the relevant considerations, including the language and history of the ADA and its pre-emption clause, as well as the policies supporting the possible interpretations of the term "service." Compare *Charas, supra,* at 1262–1266, with *Hodges, supra,* at 336–339.

Resolution of this question would provide needed certainty to airline companies. While this case involves the potential pre-emption of a state law personal-injury claim based on an airline's smoking policy, the legal principle at stake has ramifications for a host of other tort actions against airlines. See, *e. g., Smith, supra* (false imprisonment and intentional infliction of emotional distress); *Travel All Over The World, supra* (defamation). Because airline companies operate across state lines, the divergent pre-emption rules formulated by the Courts of Appeals currently operate to expose the airlines to inconsistent state regulations. Cf. *Morales, supra,* at 378 (the ADA's pre-emption provision is intended "[t]o ensure that the States would not undo federal deregulation with regulation of their own").

A decision from this Court would provide needed clarification on this discrete and important issue of statutory interpretation. Accordingly, I respectfully dissent from the denial of the petition for certiorari.

No. 00–527. WALKER COUNTY SCHOOL DISTRICT *v.* BENNETT ET AL. C. A. 11th Cir. Motion of National School Boards Association et al. for leave to file a brief as *amici curiae* granted. Certiorari denied.

No. 00–6491. YOUNG *v.* CAREY, WARDEN. C. A. 9th Cir. Certiorari denied. JUSTICE BREYER took no part in the consideration or decision of this petition.

No. 99–9712. JOSEPH *v.* UNITED STATES, *ante,* p. 943;

No. 99–9813. ENGLE *v.* SEIDNER, WARDEN, *ante,* p. 845;

No. 99–10229. BOWMAN *v.* MOORE, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL., *ante,* p. 868;

1060

No. 00–358. KALLEMBACH *v.* ANCHOR BANK ET AL., *ante,* p. 959;

No. 00–5108. JACKSON *v.* GARCIA, WARDEN, ET AL., *ante,* p. 886;

No. 00–5111. LEDBETTER *v.* TEXAS, *ante,* p. 886;

No. 00–5187. SCRUGGS *v.* HOWIE ET AL., *ante,* p. 891;

No. 00–5277. LE *v.* QUISMORIO ET AL., *ante,* p. 895;

No. 00–5488. COLON *v.* ARTUZ, SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY, *ante,* p. 931;

No. 00–5662. GLAZE *v.* SANDERS, WARDEN, ET AL., *ante,* p. 946;

No. 00–5665. NONAHAL *v.* MARQUETTE UNIVERSITY ET AL., *ante,* p. 947;

No. 00–5684. HOOD *v.* FLORIDA, *ante,* p. 947;

No. 00–5986. YOUNG *v.* UNITED STATES, *ante,* p. 938;

No. 00–5990. MILLER *v.* KEMNA, SUPERINTENDENT, CROSSROADS CORRECTIONAL CENTER, ET AL., *ante,* p. 938; and

No. 00–6236. EVANS *v.* UNITED STATES, *ante,* p. 971. Petitions for rehearing denied.

No. 99–1850. HAWES ET AL. *v.* JOHNSON & JOHNSON ET AL., *ante,* p. 815. Motion of petitioners to defer consideration of petition for rehearing denied. Petition for rehearing denied.


DECEMBER 12, 2000

No. 00–949. BUSH ET AL. *v.* GORE ET AL., *ante,* p. 98. Pursuant to this Court's Rule 45.2, the Clerk is directed to issue the mandate in this case forthwith.


DECEMBER 13, 2000

No. 00–953. JONES ET AL. *v.* BUSH ET AL. C. A. 5th Cir. Motion to expedite consideration of petition for writ of certiorari denied.

No. 00–961. HARRIS ET AL. *v.* FLORIDA ELECTIONS CANVASSING COMMISSION ET AL. C. A. 11th Cir. Motion to expedite consideration of petition for writ of certiorari denied.